Hon. William L. Burke County Attorney, Madison County
We acknowledge receipt of your letter inquiring whether a sheriff may levy an income execution on the wages of a judgment debtor whose gross cash wages are $80 but who also receives room and board from his employer valued at $69.36 per week, for a total value per week of $149.36.
The CPLR provides, in § 5231 subdivision b, as follows:
 "(b) Issuance. Where a judgment debtor is receiving or will receive more than eighty-five dollars per week from any person, an income execution for installments therefrom of not more than ten percent thereof may be issued and delivered to the sheriff of the county in which the judgment debtor resides or, where the judgment debtor is a non-resident, the county in which he is employed."
This provision has been interpreted to the effect that the amount contemplated as received is gross pay before withholdings such as for income tax, social security tax and other like items. As an example of this interpretation see an informal opinion of this office reported in 1971 Opns Atty Gen 47, a copy of which we enclose for you convenience. We do not find that the provision has been interpreted to include value of room and board or other fringe benefits of a worker.
In our opinion, if gross cash wages of a judgment debtor do not amount to $85 or more per week, the sheriff may not levy an income execution upon those wages even though the judgment debtor receives, in addition to those wages, certain other benefits, such as room and board, the value of which would, if added to the gross wages, make the judgement debtor's weekly wages amount in value to more than $85 per week.